IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| LARRY SLEDGE,<br><br>　　*Plaintiff*,<br><br>V.<br><br>SOUTHERN OAKS HEALTHCARE, INC., SOUTHERN OAKS HEALTHCARE LLC d/b/a WISTERIA PLACE RETIREMENT LIVING, AND KIM EICKHOLT<br>　　*Defendants*. | §<br>§<br>§<br>§<br>§    CASE NO.<br>§    JURY DEMANDED<br>§<br>§<br>§<br>§<br>§ |

## ORIGINAL COMPLAINT

1.　Plaintiff, Larry Sledge ("Plaintiff" or "Sledge"), files this Original Complaint against Defendants, Southern Oaks Healthcare Inc. and Southern Oaks Healthcare LLC d/b/a Wisteria Place Retirement Living (together referred to as "Southern Oaks"), and Kim Eickholt ("Eickholt") (Southern Oaks and Eickholt are collectively referred to herein as "Defendants")

## PARTIES

2.　Plaintiff, Larry Sledge, is a citizen of the state of Texas residing at 3366 Green Acres Road, Abilene, Texas 79605.

3.　Defendant Southern Oaks Healthcare Inc. is a foreign corporation organized under the laws of the State of California, conducting business at 3202 S Willis Street, Abilene, Texas 79605. Defendant may be served with process by serving its registered agent, Cogency Global, Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas, 75201.

4.　Defendant Southern Oaks Healthcare LLC, d/b/a Wisteria Place Retirement Living is a foreign corporation organized under the laws of the State of Nevada, and conducting business

at 3202 S Willis Street, Abilene, Texas 79605. Defendant may be served with process by serving its registered agent Cogency Global, Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas, 75201.

5. Defendant Kim Eickholt is an individual and citizen of the state of Texas and may be served with process at 5249 US Highway 277 S, Apt. 181, Abilene, Texas 76502, or 3202 S Willis Street, Abilene, Texas 79605, or wherever she may be found.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. §1331 because this action arises under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601 et seq, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

7. Venue is proper in the District Court for the Northern District of Texas, Abilene Division, pursuant to 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to this claim occurred in this District and Division.

## CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred. Specifically, Plaintiff exhausted all federal administrative remedies by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") regarding Defendants' discriminatory conduct. The EEOC has since issued a Notice of Right to Sue, attached hereto as Exhibit 1. Plaintiff filed the Charge of Discrimination against Wisteria Place, 3402 S. 32, Abilene, Texas 79605, on May 20, 2021. By filing against Wisteria Place, all named Defendants were on notice of Plaintiff's Charge of Discrimination.

9. Separately, each of the entity Defendants have more than 20 employees and meet the statutory requirement of an employer under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, as amended (ADAAA"), and the Age

Discrimination in Employment Act ("ADEA"). Additionally, individual Defendant, Kim Eickholt, meets the statutory requirement of an employer under the Family Medical Leave Act ("FMLA").

10. Defendants terminated Plaintiff's employment and refused to further engage or attempt to resolve Plaintiff's complaints of discrimination through the EEOC. Accordingly, Plaintiff is left with no choice other than to file this lawsuit.

## FACTUAL BACKGROUND

11. Mr. Larry Sledge is fifty-eight (58) years old, and a former employee of Southern Oaks.

12. Mr. Sledge worked for Southern Oaks as the company's Environmental Service Director for roughly 17 years until he was demoted on May 12, 2021, and subsequently terminated on May 21, 2021. In total, Mr. Sledge worked for Southern Oaks for over twenty years without issue, and even received a raise and an excellent job performance review as recently as November of 2020. However, around November of 2020, when Kim Eickholt was hired as the new Executive Director of Southern Oaks, things changed for the worst for Mr. Sledge.

13. A few months after Eickholt became the Executive Director, she began making overly-friendly and inappropriate advances towards him. On one occasion, on February 16, 2021, Eickholt invited Mr. Sledge over to her house for dinner when her boyfriend was out of town. Mr. Sledge declined this inappropriate invitation. Shortly thereafter, on February 17, 2021, Eickholt texted Mr. Sledge what she was cooking for dinner and asked if she could bring him dinner to the job. Mr. Sledge again declined. On February 22, Eickholt again texted Mr. Sledge that she had just heard a song that morning that reminded her of him and would have to listen to it again. Mr. Sledge continued to turn down Eickholt's advances.

14. On or around March or April of 2021, Mr. Sledge asked the Southern Oaks' human resource director, Melissa Robles, for FLMA leave time off because he had a surgery scheduled for June 15, 2021, related to an existing hernia injury. Mr. Sledge again brought up the need for FMLA leave to Melissa Robles in late April of 2021. Eickholt was fully aware of Mr. Sledge's pre-existing hernia injury and FMLA request in March or April of 2021.

15. On or around May 1, 2021, Mr. Sledge contacted Southern Oaks' compliance department and complained about Eickholt's continued unwanted advances towards him.

16. On May 12, 2021, just eleven days after having complained about Eickholt's inappropriate and unwanted advances, Eickholt placed Mr. Sledge on a "Performance Improvement Plan," demoted him from his position as Environmental Service Director, stripped him of multiple responsibilities, decreased his pay by thirty percent, and changed his employment status as an exempt salaried employee to a non-exempt hourly employee.

17. On May 14, 2021, while lifting an air conditioner at work, Mr. Sledge exacerbated his lateral hernia and had to be taken to the emergency room by ambulance. Mr. Sledge returned to work on May 18, 2021, but he was limited to light duty only. His hernia surgery that had previously been scheduled for June 15, 2021, and for which he requested FMLA time off, was moved up to May 29, 2021 because of his most recently exacerbated hernia.

18. Upon information and belief, on or about May 21, 2021, sometime in the morning, Eickholt received a copy of Mr. Sledge's charge that he filed with the EEOC regarding Eickholt's repeated, unwanted, and inappropriate advances and discriminatory comments about Mr. Sledge's age. That very same day Eickholt, Mr. Sledge was called into Eickholt's office and terminated from employment. The reason given for Mr. Sledge's termination, among others pretextual reasons, was that "he was not committed to his May 12, 2021 performance improvement plan,"

because Eickholt discovered that Mr. Sledge had sought employment with an affiliated facility (Northern Oaks) in an attempt to escape Eickholt's uninvited, inappropriate, and unlawful behavior towards him.

19.     Defendants' reasons for placing Mr. Sledge on a performance improvement plan and then subsequently terminating Mr. Sledge are pretextual. Eickholt put Mr. Sledge on a pretextual performance improvement plan in order to fabricate reasons that, in her mind, could potentially "justify" his termination thereafter, and cover up the real reasons for which Eickholt terminated Mr. Sledge. In reality, Eickholt terminated Mr. Sledge because: (1) Eickholt was upset and retaliated against Mr. Sledge because he complained to Defendants' human resources department about Eickholt's unwanted advances; (2) Eickholt was upset and embarrassed that Mr. Sledge filed complaints with the EEOC regarding her unwanted, unlawful, and discriminatory actions; (3) Mr. Sledge had become disabled and was on "light duty" as prescribed by his doctor: (4) Mr. Sledge is 58 years old; and (5) Eickholt did not want to give Mr. Sledge FMLA leave as he had requested on multiple previous occasions.

## CLAIMS FOR RELIEF

### Count 1 – Violation of the Family Medical Leave Act by all Defendants

20.     Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff re-alleges and incorporates by reference each of the allegations made above as though the allegations were fully set forth herein.

21.     All Defendants are covered employers under the definitions of the FMLA and the entity Defendants have more than 50 employees.  Mr. Sledge underwent extreme pain and suffering resulting from his hernia, a medical condition he consistently communicated to Defendants in the months leading up to his on-the-job injury and ultimate termination. Defendants

retaliated against Mr. Sledge for the lawful exercise of his rights under the FMLA. This retaliation came after previously requesting FMLA time off and within a week of his exacerbated injury on-the-job, and just before he was set to take time off for his upcoming surgery. Defendants' fired Mr. Sledge because they knew he was set to take time off under FMLA, and this was an attempt by Defendants to avoid Mr. Sledge's use of FMLA leave. Accordingly, Mr. Sledge asserts a claim against Defendants for violating his rights under the FMLA to leave time, and for retaliation against him for attempting to exercise his rights under the FMLA.

**Count 2 – Violations Under Title VII of the Civil Rights Act by Southern Oaks**

22. Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff re-alleges and incorporates by reference each of the allegations made above as though the allegations were fully set forth herein.

    a. **Retaliation**

23. Southern Oaks violated Title VII of the Civil Rights Act by retaliating against Mr. Sledge for engaging in protected activity. Specifically, Mr. Sledge complained to the appropriate company department about the unwanted advances that Eickholt was making and also filed a Charge of Discrimination with the EEOC. After making these complaints, Defendants demoted Mr. Sledge, reduced his pay, and then terminated Mr. Sledge. But for Mr. Sledge's complaints to Defendants' compliance and human resource departments, and because of his filing with the EEOC, Southern Oaks would not have taken these adverse employment actions against Mr. Sledge, culminating in his termination.

    b. **Hostile Work Environment**

24. Mr. Sledge's work environment was objectively and subjectively offensive. It was inappropriate for Eickholt to invite Mr. Sledge over to her house for dinner, specifically referring

to the fact that her "boyfriend was out of town." When a member of the opposite sex invites another to their house for dinner and explicitly mentions the fact that their significant other is out of town, this can only imply one thing, and that is a proposition for a romantic relationship. Although Mr. Sledge declined this advance, Eickholt continued to make additional unwanted advances towards Mr. Sledge, which he also declined. It is because Mr. Sledge is a man that that Eickholt was making these sexually harassing advances towards him. Eickholt's unwanted advances were severe and pervasive, insomuch that it caused Mr. Sledge to raise concerns and complaints with the Defendants' compliance and human resource departments. Accordingly, Southern Oaks knew about the unwanted advances and failed to take any corrective action. Instead, Southern Oaks demoted Mr. Sledge, told him they didn't believe him, and then terminated him shortly thereafter for additional pretextual reasons.

**Count 3 –Violation of the Americans with Disabilities Act, as Amended, by Southern Oaks**

25. Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff re-alleges and incorporates by reference each of the allegations made above as though the allegations were fully set forth herein.

26. Southern Oaks is a covered employer under the Americans with Disabilities Act, as Amended ("ADAAA"). Mr. Sledge had a disability and/or was regarded by Southern Oaks as being disabled within the meaning of the ADAAA, because of his hernia and the exacerbation of his hernia that caused him to be taken from work to the hospital by ambulance and requiring surgery and subsequent light duty at work. Additionally, Eickholt called Mr. Sledge a "crippled old man," thus providing evidence of Defendants' discrimination against Mr. Sledge based on his disability.

27. Mr. Sledge was discriminated against by Southern Oaks when it terminated him just after hospitalization from his existing hernia injury that required hospitalization and surgery and subsequent light duty at work. It is because Mr. Sledge was and/or became disabled, or because Southern Oaks regarded him as being disabled, that they discriminatorily terminated him.

**Count 4 – Violation of the Age Discrimination in Employment Act by Southern Oaks**

28. Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff re-alleges and incorporates by reference each of the allegations made above as though the allegations were fully set forth herein.

29. Southern Oaks is a covered employer under the ADEA and Mr. Sledge is a covered individual under the ADEA because he is over the age of 40.

30. In February of 2021, Eickholt began calling Mr. Sledge a "crippled old man" (he is 58 years old)

31. Thereafter, Southern Oaks first discriminated against Mr. Sledge because of his age when Eickholt placed Mr. Sledge on a "Performance Improvement Plan," demoted him from his position as Environmental Service Director, stripped him of multiple responsibilities, decreased his pay by thirty percent, and changed his employment status as an exempt salaried employee to a non-exempt hourly employee.

32. Southern Oaks again discriminated against Mr. Sledge because of his age when it terminated him shortly after placing Mr. Sledge on a pretextual performance improvement plan, alleging he was not committed to the plan when he sought employment with Northern Oaks, an affiliate of Southern Oaks. Mr. Sledge was also replaced in his job position by a younger person.

**JURY DEMAND**

33. Mr. Sledge requests that the Court set this case for a jury trial.

## **PRAYER**

34.     WHEREFORE, premises considered, Mr. Sledge respectfully requests that the Court set this case for trial and that the Court grant him the following relief against Defendant:

1. Lost wages, including back pay, front pay, and compensatory damages to be proven at trial;

2. Punitive damages to be proven at trial;

3. Costs of suit to include reasonable and necessary expert witness fees;

4. Reasonable and necessary attorney's fees under 29 U.S.C. § 2617(a)(3) and 42 U.S.C. §1988;

5. Pre- and post-judgment interest at the maximum rate allowed by law; and

6. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Fernando M. Bustos*
     Fernando M. Bustos; SBN: 24001819
     fbustos@bustoslawfirm.com
     Brandon C. Callahan; SBN: 24096175
     bcallahan@butsoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

ATTORNEYS FOR PLAINTIFF,
LARRY SLEDGE

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Mr. Larry D. Sledge<br>3366 Green Acres Road<br>ABILENE, TX 79605 | From: | Dallas District Office<br>207 S. Houston Street, 3rd Floor<br>Dallas, Texas 75202 |
|---|---|---|---|

| EEOC Charge No.<br>450-2021-02971 | EEOC Representative<br>Avie Murrell,<br>Investigator | | Telephone No.<br>972-918-3587 |
|---|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

    More than 180 days have passed since the filing of this charge.

    The EEOC is terminating its processing of this charge.

*Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** \*of your receipt of this Notice.\* Otherwise, your right to sue based on the above-numbered charge will be lost.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Shemell D. Perry**
for

Digitally signed by Shemell D. Perry
Date: 2022.01.21 08:32:05 -06'00'

Enclosures(s)

Belinda F. McCallister,
District Director

*(Date Mailed)*

cc: Kristina Hulsey, Associate General Counsel
Ensign Services, Inc.
29222 RANCHO VIEJO RD STE 127
San Juan Capistrano, CA 92675
(WISTERIA PLACE)

Brandon Callahan, Attorney
1001 Main Street, Suite 501
Lubbock, Texas 79401

Exhibit 1

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*